## THE MOTOR VESSEL K–22845.*

### No. 12002.

District Court, E. D. New York.
April 8, 1931.

---

*Order affirmed 55 F.(2d) 671.

The report of John Tilney Carpenter, special commissioner, follows:

### Statement.

This matter involves conflicting claims of George W. Edwards, doing business under the firm name and style of the Baldwin Boat & Supply Company, libelant herein, and United States of America, petitioner herein, concerning the right to payment of the proceeds of the sale of the motorboat K–22845 made by the marshal pursuant to a writ of venditioni exponas issued out of this court under the libel of Edwards herein. The amount remaining on deposit in the registry of this court is $1,376.50, being the balance remaining from the sale price of $1,800 after deduction of marshal's and clerk's fees, and the sum of $272.67 allowed by this court to the libelant in satisfaction of his liens for repairs and services to the vessel, with costs.

The libelant claims to be entitled to payment of $1,313.89, with interest under a final decree of this court entered in this suit on October 2, 1930, which confirmed the commissioner's report. The United States, petitioner herein, claims the entire fund of $1,376.50 as forfeiture for violation of section 26 of title 2 of the National Prohibition Act (27 USCA § 40) committed by the motorboat K–22845 on August 14, 1930. The facts which I find are either conceded, substantially undisputed, or appear from the records of this court, and in chronological order, are as follows:

On August 14, 1930, about 2 a. m., United States coast guard cutter No. 2366 in the charge of Machinist Mate Charles Rollinson, while cruising about a mile southeast of Jones Inlet, Nassau county, sighted the motorboat K–22845 and another unidentified speed boat, which were headed on a course from the open sea towards Jones Inlet and were running without lights. Those in charge of the coast guard cutter turned a light on the boarding flag, and fired three or four shots as a signal for the motorboats to stop. They did not obey the command, but turned and headed for the open sea. The coast guard cutter gave chase, and fired 25 or 30 shots over the K–22845 at the second vessel, which, however, escaped. After a pursuit of about 300 yards, the K–22845 hove to. She was found to have a deckload of 321 sacks of liquor. The commander of the coast guard cutter thereupon arrested the K–22845 and the persons on board and brought them to the Long Island Beach coast guard station at Davis Inlet, Nassau County. Upon examination and appraisal by United States officials, the cargo of the K–22845 at the time of her seizure was found to consist of 321 sacks of intoxicating liquor of foreign origin, consisting of rye, champagne, and liquors in bottles bearing foreign labels, containing more than one-half of one per cent. of alcohol by volume and fit for beverage purposes, of the value of $12,399. The value of the K–22845 on the day of her seizure was $6,500. She did not have a permit to transport such cargo.

The persons who were arrested on the K–22845 were Fred Stenzel, her owner, and George Howell. Subsequently, on January 22, 1931, both men pleaded guilty to charges of transportation and possession of intoxicating liquor on August 14, 1930, contrary to the National Prohibition Act.

On August 20, 1930, six days after the seizure of the K–22845, the libelant herein, George W. Edwards, doing business under the firm name and style of the Baldwin Boat & Supply Company, filed a libel in this court, in admiralty, against that vessel to recover $1,497.67, with interest, for balance due upon the purchase price of the boat upon its sale by the libelant to Fred Stenzel in February, 1930, and for services, repairs, materials, and supplies furnished to the vessel. On the same day, process was issued to the marshal of this court who made return on September 3, 1930, that he had attached the vessel on August 22, 1930, published notice of arrest, and given notice thereof to its owner. On the return of process on September 3, 1930, no one having made claim to the vessel, default was noted and an interlocutory decree and order of reference was entered, referring the matter to Arthur Block, Esq., special commissioner, to determine the amount due the libelant and to report to this court.

On September 20th, the special commissioner filed his report, wherein he found that there was due to the libelant the sum of $1,526.56, made up of a balance of $1,285 due on the purchase price of the vessel, and $212.67 for services, repairs, materials, and supplies furnished to the vessel, together with interest.

On October 2, 1930, this court on motion of the libelant entered an order confirming the special commissioner's report in all respects, and directing recovery by the libelant against the motor vessel K–22845 of the

amount of damages reported by the special commissioner, together with taxed costs and disbursements, amounting in all to $1,586.56. By the same order, this court directed that the motor vessel K–22845 be condemned therefor, and that a venditioni exponas issue to the marshal directing him to sell the motor vessel K–22845 at public auction on board the said vessel after giving six days' notice of the time and place of said sale, and to pay the moneys derived from the said sale into the registry of this court.

On October 15, 1930, pursuant to said order, the marshal sold the motorboat K–22845 for the sum of $1,800, and deposited the purchase price in the registry of the court. On November 12, 1930, the court directed payment to the libelant of $212.67 and $60 costs in satisfaction of the decree for that amount for materials and repairs previously entered in his favor.

No evidence has been presented as to what steps, if any, were taken by the government to obtain a forfeiture of the vessel prior to its sale by the marshal under the libel of Edwards.

On October 16, 1930, the United States attorney for the Eastern district of New York filed a petition to intervene in the action brought by George W. Edwards, claiming forfeiture of the K–22845 under section 26 of title 2 of the National Prohibition Act (Act of October 28, 1919, USCA, tit. 27, § 40), and under other statutory provisions, and praying for an order and decree directing the clerk of this court to pay over to the petitioner the proceeds of the sale of the K–22845 remaining in the registry after the marshal's sale less any amount actually due to Edwards for any lien on the vessel. The government's amended petition upon which the order of reference is based was filed on October 28, 1930.

The order of this court entered November 12, 1930, refers to me the matters set forth in said petition to take testimony and report my findings to the court.

It was agreed between the parties that the petition of the United States attorney, as amended, be considered only in so far as it relates to the claim of forfeiture under section 26 of title 2 of the National Prohibition Law (USCA, tit. 27, § 40); and that all other claims of penalty of forfeiture alleged in the amended petition under the customs or tariff laws be disregarded.

1. *Scope of Matters Referred.*

At the outset, the parties are not agreed as to the extent of the authority conferred upon me by the order of reference. The United States contends that the only power conferred by the order of reference is the claim of the government, and that it does not authorize reference to the claim of George W. Edwards; and that any rights of Edwards must be established after rendition of my report by some proper proceeding before the District Court other than this reference. The libelant contends that all matters involved in the petition are referred by the order of reference, which necessarily includes an adjudication of the respective claims of the libelant and of the United States to the fund remaining in the registry of the court.

A reading of the order by which the matter set forth in the petition of the United States attorney was referred to me indicates an intention on the part of the court that I take testimony and report to the court upon the claim of the United States, which necessarily requires consideration of the question of its claim to priority to the rights of Edwards. As it seems that I may be of more assistance to the court in reporting on the entire controversy, my opinion will be given accordingly.

2. *Violation by the Motorboat K–22845 of the National Prohibition Act.*

The facts recited above clearly establish a violation on August 14, 1930, by the K–22845, of section 26 of title 2 of the National Prohibition Act, seizure by officials of the United States of the vessel in the act of transporting intoxicating liquor for which it was not licensed, and the arrest and conviction of the persons in charge thereof. If the United States, while retaining its seizure of the K–22845, had instituted proceedings for its sale and forfeiture under section 26 of title 2 of the National Prohibition Act (USCA, tit. 27, § 40), it would have been entitled to receive payment of the balance of the sale proceeds remaining in the registry of the court after deduction of clerk's and marshal's fees and the amount of valid maritime liens upon the vessel.

In proceedings instituted under section 26 of title 2 of the National Prohibition Act, the interests of bona fide lienors only are protected. The Maberhex (D. C.) 6 F.(2d) 415; The Minnie V. (D. C.) 24 F.(2d) 604. Lesser interests have never been protected in forfeiture proceedings. The St. Jago de Cuba (1824) 9 Wheat. (22 U. S.) 409, 6 L. Ed. 122; The Eugenia Emilia (D. C.) 298 F. 340; The Thomaston (D. C.) 26 F.(2d) 279.

Edwards had no lien, maritime or otherwise, upon the K–22845 for the unpaid pur-

chase price, as is frankly admitted by his counsel. There is no evidence that the sale to Stenzel was conditional so as possibly to have conferred a lien upon him by state statute. No maritime lien arose from this transaction. Cf. The J. E. Rumbell (1893) 148 U. S. 1, 15, 13 S. Ct. 498, 37 L. Ed. 345.

Consequently it seems clear that, if the United States had instituted forfeiture proceedings of the K–22845 under section 26 of title 2 of the National Prohibition Act, Edwards would have been entitled to intervene and to receive payment only to the extent of his maritime lien for $212.67 for materials and repairs furnished to the vessel. His claim for the unpaid balance of the purchase price would necessarily have been disallowed, and the United States would have been entitled to payment of the balance remaining in the registry of the court after payment of Edwards' lien, marshal's fees and expenses.

3. *The Claim of the United States Under the Procedure Adopted.*

■ The difficulty with the petitioner's position lies in its failure to enforce forfeiture of the K–22845 by means of the proceedings prescribed therefor. These proceedings were required to be taken under section 26 of title 2 of the National Prohibition Act exclusively. Richbourg Motor Co. v. U. S. (1930) 281 U. S. 528, 50 S. Ct. 385, 74 L. Ed. 1016, 73 A. L. R. 1081. This section authorizes seizure of the offending vessel and its sale under proceedings instituted therefor and carried out by means of the procedure prescribed by section 26. The requirements of section 26 must be strictly complied with. General Motors Acceptance Corp. v. U. S. (C. C. A. 4th) 23 F.(2d) 799; U. S. v. One Cadillac Town Car (1927) 57 App. D. C. 183, 18 F.(2d) 1005; Byroad v. U. S. (1929) 59 App. D. C. 105, 35 F.(2d) 875.

■ The right of the government to obtain forfeiture under section 26 necessarily requires judicial determination. U. S. v. One Cadillac Town Car, 57 App. D. C. 183, 18 F. (2d) 1005, as the terms of the statute clearly show. Not only seizure but continued possession of the vehicle seized is essential. Retention of possession of the res is required to authorize a forfeiture in rem, The Ann, 9 Cranch, 289, 3 L. Ed. 734; Miller v. U. S., 11 Wall. (78 U. S.) 268, 294, 20 L. Ed. 135, although fraudulent or improper removal from custody does not destroy jurisdiction. The Rio Grande, 23 Wall. (90 U. S.) 458, 465, 23 L. Ed. 158.

That continued possession of the vehicle by the proper authorities is made a condition of forfeiture under section 26 is shown by the provision authorizing release of the vessel upon bond conditioned upon its return to custody on the day of trial to abide the judgment of the court, and by the provision directing sale at public auction "of the property seized." See U. S. v. Slusser (D. C.) 270 F. 818, 821.

In the present case, the K–22845, after seizure by the coast guard on August 14, 1930, was arrested by the marshal under process of this court issued in the libel of Edwards, and was thereafter sold by the marshal in these proceedings. While it is true that this arrest was made by the marshal acting as an officer of the United States, nevertheless the object and purpose of his action was adverse to the possession of the vessel by the United States for the purpose of instituting forfeiture proceedings under section 26.

The validity of the marshal's arrest, while the vessel was in possession of the government after its seizure for violation of the National Prohibition Act, might have been contested. The Motor Boat L–7869 (C. C. A. 3d, 1927) 21 F.(2d) 594. However, the United States does not contest the jurisdiction of this court to proceed to complete adjudication in the admiralty action instituted by Edwards. On the contrary, its petition herein seeks to intervene in this suit and to obtain delivery of the proceeds of the sale made thereunder. By seeking to adopt the benefits, it thus, in effect, concedes the validity of the seizure made by the marshal under the process issued in these proceedings. The case is therefore distinguishable from The Motor Boat L–7869, supra.

■ By failing to proceed with the sale of the K–22845 under the provisions of section 26, and by admitting the jurisdiction of the court to order the sale under the Edwards' libel, the United States, it seems to me, has acquiesced in the proceedings under which it relinquished possession of the vessel under its seizure, and has thereby abandoned its seizure and all rights to enforce forfeiture under section 26. Its petition, filed in the proceedings under the Edwards' libel, seeks to obtain payment of the proceeds of the vessel's sale in a manner not authorized by section 26, and therefore should be disallowed.

The government's petition can apparently be sustained only upon the theory that it had a maritime lien upon the K–22845 enti-

tling it to intervene in these proceedings and to obtain the proceeds of the marshal's sale. A maritime lien would have priority over the claim of the libelant. The libelant's right to share in the proceeds of the sale to the extent of the unpaid purchase price is not based upon a lien, but upon the inherent power of the court of admiralty to award the proceeds of the sale remaining in the registry of the court in satisfaction of claims of a maritime nature, where no superior claim is presented. The J. E. Rumbell (1893) 148 U. S. 1, 13 S. Ct. 498, 37 L. Ed. 345; The Governor Harding[1] (C. C. A. 4th) 43 F.(2d) 547; The Duchess (D. C.) 201 F. 783; The Willamette Valley (D. C.) 76 F. 838, 844; The Lottawanna, 21 Wall. (88 U. S.) 558, 22 L. Ed. 654.

■ But I find no authority, and none has been suggested by counsel, holding that the United States has a maritime lien for the amount claimed as a forfeiture for violation of the National Prohibition Act. The government's rights are defined by section 26 of title 2 of that act, which does not expressly confer a maritime lien upon the United States. The procedure which it authorizes, viz., the seizure and sale of the vessel in proceedings instituted for that purpose, seem inconsistent with an intention on the part of Congress to confer upon the government a maritime lien enforceable in a different form of proceeding than that expressly authorized.

■ Congress has conferred upon the United States a lien for the recovery of penalties for violations of the customs-revenue laws, USCA, tit. 19, § 1594 (Act of June 17th, 1930, c. 497, tit. 4, § 594), which is a re-enactment of USCA tit. 19, § 498. This statute is not applicable to violations of the National Prohibition Act, The Spray (D. C.) 6 F.(2d) 414, and the United States is confined to the remedies provided by section 26 of title 2 of that act. Richbourg Motor Co. v. U. S. (1930) 281 U. S. 528, 50 S. Ct. 385, 74 L. Ed. 1016, 73 A. L. R. 1081. If Congress had intended to confer upon the United States a maritime lien upon vessels violating the National Prohibition Act, it would have expressed that intention by appropriate language, as it has done with respect to violations of the customs-revenue laws. The absence of such provision indicates that Congress did not intend to confer a maritime lien for violations of the former statute, but to confine the United States to the rights and remedies prescribed by section 26 of that act.

■ Moreover, the requirements of section 26 in respect of the publication of notice in proceedings under that statute differ from the requirements in respect of publication of notice of sale in other admiralty proceedings. Section 26 requires that if no one shall be found claiming the vessel, the taking of the same, with a description thereof, shall be advertised in some newspaper published in the city or county where taken once a week for two weeks and by handbills posted in three public places near the place of seizure, after which the property may be sold and the proceeds paid into the treasury.

Rule 6 of the Admiralty Rules of this court, under which the notice of sale of the K–22845 was published, provides as follows: "Notice of sale of property after condemnation in suits in rem (except under the revenue laws and on seizure by the United States), shall be published daily for at least six days before sale unless otherwise ordered."

In the present case, the venditioni exponas, under which the K–22845 was sold, directed a public sale upon six days' notice in conformity with this rule. There is no evidence that the marshal gave more than six days' notice of the sale. Such notice clearly did not conform with the two weeks' notice required by section 26 of title 2 of the National Prohibition Act. The requirements of this section in respect of the publication of notice must be strictly complied with. General Motors Acceptance Corp. v. U. S. (C. C. A. 4th, 1928) 23 F.(2d) 799, 801. The publication made in the present case is clearly not a sufficient compliance with the statutory requirements.

For the foregoing reasons, it is my opinion that the United States has not sustained its claim to the proceeds of the sale of the K–22845, and that its amended petition herein should be denied.

BYERS, District Judge.

The exceptions to the report of the special commissioner have been examined and are overruled. The intervener has not pursued the remedy prescribed in 27 USCA § 40, and no other basis of claim is asserted. Motion to confirm report, and directing payment of commissioner's fees and disbursements is granted. Settle order.

---

[1] Reported sub. nom. National Bank v. Enterprise Marine Dock Co.